**Adam NORZAI, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 04–5918–AG.

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

Farzad Siman, Levine & Siman, P.C., New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney, Southern District of Florida; Anne R. Schultz, Chief, Appellate Division; Kathleen M. Salyer, Assistant United States Attorney, Miami, Florida, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 25th day of January, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Adam Norzai, through counsel, petitions for review of the BIA order denying his motion to reopen the BIA's decision affirming the Immigration Judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). When considering motions to reopen, the BIA has an obligation to con-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as a respondent in this case.

**70**

sider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Id.* at 97.

Here, the BIA may have abused its discretion when it denied Norzai's motion to reopen because it failed to address his argument that he had not raised the issue of his homosexuality before the IJ due to psychological reasons. Norzai then moved the BIA to reconsider its denial of his motion to reopen. In its decision denying the motion to reconsider, the BIA expressly considered—and rejected—Norzai's explanation for why he failed to raise the issue of his homosexuality earlier, thereby essentially correcting the potential error it made in denying the motion to reopen. Norzai has not petitioned for review of the BIA's denial of his motion for reconsideration.

Because the BIA has already considered the issue that a remand from this Court would require it to address, we can " 'confidently predict' that the [BIA] would reach the same decision absent the error[ that may have been] made," *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144 (2d Cir.2006) (quoting *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005)), and remand would be an "idle and useless formality." *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). Thus, we deny the petition for review. *Cf. Mass. Trs. of E. Gas & Fuel Assocs. v. United States,* 377 U.S. 235, 246–48, 84 S.Ct. 1236, 12 L.Ed.2d 268 (1964) (holding that remand is unnecessary where it is clear that the correction of any potential error would not have altered an administrative agency's determination).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).